UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DERRELL F. NUNN, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-590-TAV-CCS |
| | ) | |
| KEVIN GENOVESE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner Derrell F. Nunn, Sr. brings this pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a 2007 state court judgment of conviction for aggravated child abuse [Doc. 2]. Respondent filed a motion for extension of time to respond to the §2254 petition [Doc. 6] and a motion to dismiss the petition as time-barred under 28 U.S.C. § 2244(d)(1) [Doc. 7]. Petitioner has not responded in opposition to Respondent's motions and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. The Court interprets the absence of any response as a waiver of objection.

Based on the following, the Court will **GRANT** Respondent's motion for extension of time [Doc. 6] and motion to dismiss [Doc. 7], and will **DISMISS** this § 2254 petition as time-barred.

### I.  MOTION FOR EXTENSION OF TIME

Respondent moves the Court for an extension of forty-five (45) days to file his response to Petitioner's application for a writ of habeas corpus [Doc. 6]. As grounds for support, Respondent submits that as of the date the motion for extension was filed, he was still receiving portions of the record from Petitioner's direct appeal [*Id*. at 1]. This is Respondent's first request for an extension of time in which to file a response in this matter.

For good cause shown and in light of the lack of opposition to the request, Respondent's motion [Doc. 6] will be **GRANTED nunc pro tunc**.

## II. PROCEDURAL HISTORY

On August 13, 2007, a Hamilton County jury convicted Petitioner of aggravated child abuse and the trial court sentenced Petitioner to twenty years' imprisonment. On direct appeal, Petitioner challenged the sufficiency of the evidence. The Tennessee Court of Criminal Appeals affirmed Petitioner's conviction on December 14, 2009. On May 12, 2010, the Tennessee Supreme Court denied Petitioner's application for permission to appeal.

Thereafter, on April 1, 2016, Petitioner filing a motion to reopen the post-conviction petition. There being no record of a prior post-conviction petition, the convicting court construed the motion as an original petition for post-conviction relief. On April 11, 2016, Petitioner's petition for post-conviction relief was denied because the motion was filed beyond the one-year statute of limitations.

Now before the Court is Petitioner's petition for writ of habeas corpus asserting a constitutional error at trial [Doc. 2].

## III. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins to run when one of the four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered

earlier through the exercise of due diligence. *Id*. The one-year period is tolled, however, during the pendency of a properly filed application for state post-conviction relief. 28 U.S.C. § 2244(d)(2). Respondent contends that the petition is time-barred and thus subject to dismissal [Doc. 8 p. 2].

The Tennessee Court of Criminal Appeals affirmed petitioner's convictions on direct appeal, and the Tennessee Supreme Court ("TSC") denied permission to appeal in an order filed May 12, 2010. Ninety days later, on Tuesday, August 10, 2010, when the time expired for filing a petition for certiorari in the United States Supreme Court, *see* U.S. Sup. Ct. R. 13.1, Petitioner's conviction became final and on the next day, August 11, 2010, AEDPA's one-year clock began to run. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing to Fed. R. Civ. P. 6(a)) (finding that, for purpose of computing periods of time tied to § 2254's limitation statute, "the day of the act, event, or default from which the designated period of time begins to run shall not be included").

Petitioner filed this § 2254 petition on October 3, 2016, well after his one-year limitations period expired.

## IV.     EQUITABLE TOLLING

Petitioner argues that he should be excused from the timeliness requirement and receive equitable tolling on the ground that he is actually innocent of aggravated child abuse. The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling on a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1930–31 (2013); *cf. Souter v. Jones*, 395 F.3d 577, 588–90, 597–601 (6th Cir. 2005) (a credible claim of actual innocence can equitably toll the statute of limitations). The Supreme Court has explained, however, that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928.

3

"In keeping with Supreme Court authority, the Sixth Circuit has also recognized that the actual innocence exception should remain rare and only be applied in the extraordinary case." *Sachs v. McKee*, No. 2:13-CV-12540, 2014 WL 1746518, at *4 (E.D. Mich. Apr. 30, 2014) (internal quotation marks omitted). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have convicted [him]." *McQuiggin*, 133 S.Ct. at 1933 (quoting *Schlup*, 513 U.S. at 329). "To assess that question, a court must survey 'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 613 (6th Cir. 2013) (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *McQuiggin*, 133 S. Ct. at 1931–32.

Petitioner relies upon medical reports, specifically Pediatric Imaging Reports from 2003, to support his claim of actual innocence. Petitioner argues "the jury would have found a reasonable doubt as to the charge of aggravated child abuse" had counsel introduced the existence of those records demonstrating no signs of physical abuse [Doc. 2-1 p. 3]. Petitioner asserts that it is "immaterial" that the Pediatric Imaging Report was taken almost a year after the alleged physical

4

abuse because the x-rays would have still shown the presence of abuse had it occurred as alleged by the State [*Id.*].

As the convicting court noted when denying Petitioner's construed post-conviction petition, and in agreeance with Respondent's argument for dismissal:

> Although [Tenn. Code. Ann. § 40-30-102(b)] recognizes the existence of new scientific evidence of actual innocence as grounds for tolling the statute of limitations, the Court finds that the subject petition does not allege such evidence. The petitioner was aware of the reports that he now presents as new in approximately 2003 or 2004, several years before the 2007 trial. Furthermore, the reports are not evidence of the victim's lack of injuries at the time of the offense in September 2002, only evidence of the defendant's condition almost one year later, in July 2003. Their irrelevance on the issues of the existence and extent of the victim's injuries at that time of the office explains counsel's failure to introduce them [Doc. 8 p. 4 (citing Doc. 2 p. 14)].

For these same reasons, this Court finds that the Pediatric Imaging Reports from 2003 do not constitute new evidence and thus do not meet the high burden for equitable tolling by means of actual innocence. As such, the Court will dismiss this action as untimely.

## V. FAILURE TO RESPOND

As an alternative basis for dismissal, the Court notes that it may properly dismiss this case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion operates as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

Almost six months have passed since Respondent filed the instant motion to dismiss on December 30, 2016 [Doc. 7]. Petitioner has not responded and, by way of the same, is found to

have waived opposition to Respondent's request. *Millworks Constr., LLC v. Env't, Safety & Health, Inc.*, No. 3:12-CV-177, 2015 WL 11019129, at *1–2 (E.D. Tenn. Mar. 23, 2015).

## VI.     CERTIFICATE OF APPEALABILITY

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling saves this otherwise untimely petition. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## VII.    CONCLUSION

For these reasons, Respondent's motion for extension of time [Doc. 6] will be **GRANTED nunc pro tunc** and his motion to dismiss [Doc. 7] will be **GRANTED**. Furthermore, the Court will **DENY** the petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 [Doc. 2] as untimely and will **DISMISS** this case.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE